**HOSPITAL de AREA de CAROLINA, et al., Plaintiffs,**

v.

**Louis W. SULLIVAN, M.D., Secretary of the Department of Health and Human Services, et al., Defendants.**

**Civ. A. No. 89–2020.**

United States District Court, District of Columbia.

April 9, 1990.

to identify any released information which falls within the regulatory definition of "public do-

James D. Miller, King & Spalding, Washington, D.C., for plaintiffs.

Henry Eigles, Dept. of Health and Human Services, Baltimore, Md., for defendants.

Carlos Rodriguez Quesada, Dept. of Justice, San Juan, P.R., for plaintiff-intervenor.

ORDER

JOHN H. PRATT, District Judge.

Plaintiff, HMCA Inc., is a hospital management company under contract with the Commonwealth of Puerto Rico to manage and operate the named plaintiff, Hospital de Area de Carolina ("the Hospital"). In this action, plaintiffs challenge a final agency decision of the Department of Health and Human Services ("HHS"), providing that Medicare reimbursements for "ownership costs" related to the Hospital, be made to the Department of Health ("DOH"), of Puerto Rico as the "provider of services" under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, ("the Act"), instead of reimbursement of said costs to plaintiffs. The DOH of Puerto

main."

Rico has intervened as a plaintiff-intervenor. Presently before the Court are plaintiffs' motion for summary judgment and defendants' motion to remand to the agency. Upon consideration of defendants' motion to remand, plaintiffs' response, plaintiff-intervenor's opposition thereto, and the entire record herein, we grant defendants' motion to remand in part and deny it in part, and hereby remand the above captioned action to the defendants in accordance with the instructions below.

Plaintiff Hospital is a general care hospital whose physical facility, fixed equipment and land are owned by the Public Building Authority of the Commonwealth of Puerto Rico ("PBA") and leased to the DOH of Puerto Rico. Another part of the Commonwealth government, the University of Puerto Rico, furnishes medical services for the Hospital. The Hospital is administered, managed and operated by plaintiff HMCA (Carolina) Inc., a wholly owned subsidiary of HMCA (P.R.) Inc., under an agreement entered into by plaintiffs and the DOH of Puerto Rico in 1982. Apparently, this innovative experiment involving a contractual relationship between a hospital management company and the DOH of Puerto Rico, was designed to encourage the efficient and improved management of public hospitals by rewarding the hospital managers with financial incentives based on performance. It is the unusual nature of this agreement and its "complex contractual arrangements and business transactions", Defendants' Motion to Remand at 5, between three separate components of the government of the Commonwealth of Puerto Rico and the plaintiff management corporation, which have created uncertainty about which entity—the management corporation (plaintiff), or Commonwealth DOH (plaintiff-intervenor)—is entitled to Medicare reimbursement for ownership costs as the Medicare "provider of services". 42

U.S.C. § 1395x(u) and 42 C.F.R. Parts 482, 488 (1988).

The defendant, HHS, establishes entitlement to Medicare reimbursement for capital costs incurred for use of a hospital facility by Medicare recipients. Under the Medicare reimbursement provisions of the Act, hospitals and other health care facilities which provide covered health care services to Medicare beneficiaries are reimbursed for the actual reasonable costs they incur in delivering those services. 42 U.S.C. § 1395f(b).[1]

To be eligible for payments, a recipient must be a provider with a provider agreement. 42 U.S.C.A. § 1395cc(a)(1). Plaintiff Hospital was certified as a Medicare provider of services on December 1, 1983. A.R. at 21. At the close of the fiscal period ending in 1984, the Hospital submitted its "cost report" to its Fiscal Intermediary, including depreciation, interest and insurance costs for the hospital building and fixed equipment.[2] The Intermediary concluded that the *portion of the operating costs relating to the building and equipment was not reimbursable to plaintiffs as ownership costs*, since these costs were not incurred directly by the plaintiffs as a management company operating the Hospital. A.R. at 21.

Plaintiffs appealed to the Provider Reimbursement Review Board ("PRRB"), *see* 42 U.S.C. § 1395*oo* and 42 C.F.R. § 1835 (1988), maintaining that it should be reimbursed for the disputed ownership costs. On March 13, 1989, after a four day hearing, the PRRB issued a unanimous decision reversing the Intermediary's determination, and ruling that the Hospital, as provider, was entitled to reimbursement of the disputed ownership costs under the depreciation provisions of 42 C.F.R. § 413.149 and 42 C.F.R. 413.134. A.R. 28–29.[3]

---

**1.** A new system for payment of certain operating costs on a "prospective rate" basis of payment was established under 42 C.F.R. § 412.200 and became applicable to the Hospital in 1987.

**2.** The Medicare program is administered in part through fiscal intermediaries, which are independent contracted agents. *See* 42 U.S.C.A. § 1395h. The fiscal intermediary for the Hospi-

tal is Cooperativa de Seguros de Vida de Puerto Rico, an insurance company which has its principal source of business in San Juan, Puerto Rico.

**3.** The Bureau of Eligibility, Reimbursement and Coverage of the Health Care Financing Administration sought the Acting Administrator's review

On May 12, 1989, the defendant Administrator of Health Care Financing Administration ("HCFA"), affirmed the PRRB's decision as to payment of the ownership costs but concluded that "the DOH is the Provider ... entitled to reimbursement of the ownership costs" because the DOH, not the management corporation, leases the facility and the fixed equipment from the PBA, and the DOH has the right to terminate the management contract. A.R. at 4. Thus the Administrator concluded that the reimbursement should be paid to the DOH "either directly or indirectly." *Id.* It is this language that has been at the core of this dispute.

Upon a request by plaintiffs for clarification as to the actual recipient of the funds, on July 13, 1989, HCFA advised plaintiffs that "in order to properly effectuate the Administrator's decision, payment of the costs at issue must be made to the Department of Health of Puerto Rico." Complaint, Exhibit C.

Thus, the present action involves an interpretation of an agency ruling that appeared to favor direct payment to the plaintiffs. However, upon review by the Administrator of the Health Care Financing Administration, (also named as a defendant) the final agency decision held that reimbursements of ownership costs of approximately $1.75 million for 1984 are properly payable to DOH of Puerto Rico as the provider incurring the ownership costs for the hospital facility, not the Hospital and thus the plaintiff management group, HMCA.

Plaintiffs brings this timely action pursuant to 42 U.S.C. § 1395*oo* (f)(1), and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, alleging that to the extent the Administrator's decision requires that the disputed ownership funds be paid directly to DOH instead of to the Hospital, the final agency decision was not supported by substantial evidence, was arbitrary and capricious, an abuse of discretion and a taking in violation of the due process clause. On December 12, 1989, plaintiffs filed a motion for summary judgment that is presently pending before this Court. Defendants responded with the instant motion to remand.

Defendant HHS does not dispute that the monies are owed for Medicare reimbursement of capital costs, *i.e.* ownership costs of a hospital facility, under 42 U.S.C. § 1395 *et seq.*, but had originally asserted that the proper recipient is the DOH of Puerto Rico. Now, however, upon further consideration of the complex circumstances attending this case, defendants have moved that this action be remanded to the Administrator of Health Care Financing Administration with instructions to vacate the May 12, 1989 final agency decision and issue a revised decision requiring payment of the disputed ownership costs to the Hospital. Defendants have determined that "absent fraud, abuse or a court order, they are constrained by the statutory definition of the term 'provider of services', *see* 42 U.S.C. § 1395x(u); *see also* 42 C.F.R. parts 482, 488 (1988), to pay the additional Medicare reimbursement to the plaintiffs." Defendants' Motion to Remand at ¶ 10.

Plaintiff-intervenor opposes defendants' motion to remand, arguing that the challenged final agency decision should be affirmed, and that the disputed ownership costs should go to DOH of Puerto Rico.

In the usual course of events, in reviewing a final agency action under the Medicare Act, the Court is directed to apply the standard of review set out in Section 706 of Administrative Procedure Act. 5 U.S.C. § 706 (1982); 42 U.S.C.A. § 1395*oo* (f)(1) (1982). As a reviewing court, an agency decision may be set aside if it is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). It is well established

---

of the PRRB decision pursuant to 42 C.F.R. § 405.1875(b). A.R. at 14–15. The Bureau argued that the Hospital was not entitled to the ownership costs since the PRRB had found that the Hospital and the DOH were not "related organizations" or under common control, as defined in 42 C.F.R. § 413.17. Although plaintiffs do not agree with the PRRB's finding that the Hospital and the DOH are not "related", plaintiffs do support the PRRB's finding that the ownerships costs may be paid to the plaintiffs on the basis of the depreciation regulations, 42 C.F.R. §§ 413.134, 413.149. A.R. at 28–29.

that Congress has granted the Secretary broad discretion to develop regulations under the Medicare statute, *see e.g. Humana, Inc. v. Heckler*, 758 F.2d 696, 699 (D.C.Cir. 1985), *cert. denied*, 474 U.S. 1055, 106 S.Ct. 791, 88 L.Ed.2d 769 (1986); *Villa View Community Hospital v. Heckler*, 728 F.2d 539, 543 (D.C.Cir.1984), and that the Secretary's interpretations of the agency's own regulations are entitled to great deference. *Humana v. Heckler*, 758 F.2d at 699. This would include an opportunity to correct any errors in the application of these regulations.

In this case we are faced with something of a dilemma. Although it would appear that defendants, after review of the relevant statute and the record and upon further reflection, have determined that they are required to make payment to the Hospital, this determination reflects considerable hesitation and concern that the reimbursement should go to the entity that actually incurred the ownership costs. *See* Defendants' Motion to remand at 6. Plaintiff-intervenor DOH opposes a remand, arguing that the Administrator's decision should be affirmed, and reimbursement for the ownership costs should go to the DOH because the costs were incurred by the Commonwealth of Puerto Rico.

Because of the unusual nature of this contractual arrangement and its possible application elsewhere, it appears that this issue concerns an important matter of future administrative policy that may transcend the interests of the parties to this action. Consequently, we grant defendants' motion in part and deny it in part. We remand this action to the agency with instructions to vacate the May 12, 1989 final decision awarding the ownership costs to the DOH. We deny that portion of defendants' motion to remand requesting a new agency decision requiring payment of the reimbursement for ownership costs directly to plaintiff Hospital. Instead, we direct the defendants to reconsider the record and clarify its own regulations insofar as is necessary to make a determination as to the proper recipient, under these unusual circumstances, of the Medicare reim-

bursement for ownership costs as recognized in the final decision.

Accordingly, it is by the Court this 9th day of April, 1990,

ORDERED that plaintiffs' motion for summary judgment is denied without prejudice; it is

ORDERED that the defendants' motion to remand is granted in part and denied in part; and it is

FURTHER ORDERED that the above captioned action is remanded to the defendant Administrator of the Health Care Financing Administration with instructions (1) to vacate the May 12, 1989, final agency decision and (2) to reconsider and clarify its own regulations insofar as necessary to make a determination as to the correct recipient of payment of the additional Medicare reimbursement monies for "ownership costs" recognized in the final decision.